IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DISTRICT

| | |
|---|---|
| MMIC INSURANCE INC., <br><br> Plaintiff, <br><br> v. <br><br> OBSTETRIC AND GYNECOLOGIC ASSOCIATES OF IOWA CITY AND CORALVILLE, P.C., <br><br> Defendant. | CASE NO. 3:23-cv-00039-SMR-SBJ <br><br> **PLAINTIFF'S FIRST SUPPLEMENTAL APPENDIX IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

COMES NOW, Plaintiff MMIC Insurance Inc., by and through the undersigned counsel,

pursuant to L.R. 56(a)(4), and hereby submits its First Supplemental Appendix in Support of its

Motion for Summary Judgment.

| Exhibit | Document Title | Page |
|---|---|---|
| 1 | Insurance Policy | *Doc. # 22-3* |
| 2 | Jury Trial Transcript Vol. 12, at 107—228 (3/16/2022) | *Doc. # 22-3* |
| 3 | Booher Appearance (9/13/2022) | *Doc. # 22-3* |
| 4 | Attorney Fieger Correspondence (10/6/2022) | *Doc. # 22-3* |
| 5 | Dr. Jill Goodman 2004 Examination (1/16/2023) | *Doc. # 22-3* |
| 6 | Dismissal of Bankruptcy Case (3/29/2023) | *Doc. # 22-3* |
| 7 | Entry of Stay pending Bankruptcy Appeal (4/3/2023) | *Doc. # 22-3* |
| 8 | Malloy Correspondence (4/7/2023) | *Doc. # 22-3* |
| 9 | Dismissal of Bankruptcy Appeal (4/27/2023) | *Doc. # 22-3* |
| 10 | Rowley/Fieger Webinar (3/30/2022) | *Doc. # 22-3* |
| 11 | Rowley Email (6/1/2023) | *Doc. # 22-3* |
| 12 | Return of Service (Execution) (6/7/2023) | *Doc. # 22-3* |
| 13 | Execution Transcript | *Doc. # 22-3* |
| 14 | Body Camera—Execution | *Doc. # 22-3* |
| 15 | Bad Faith Petition—Clinic | *Doc. # 22-3* |
| 16 | Rowley Appearance (22-1317) (11/28/2023) | *Doc. # 22-3* |
| 17 | Motion to Stay Appeal (11/28/2023) | *Doc. # 22-3* |
| 18 | Booher Appearance II (11/28/2023) | *Doc. # 22-3* |
| 19 | Objection to Zimmerman Booher (11/28/2023) | *Doc. # 22-3* |

| | | |
|---|---|---|
| 20 | Shuttleworth & Ingersoll Withdrawal (11/28/2023) | *Doc. # 22-3* |
| 21 | Zimmerman Booher Withdrawal (11/29/2023) | *Doc. # 22-3* |
| 22 | Order Granting Stay (11/29/2023) | *Doc. # 22-3* |
| 23 | Motion to Intervene (11/30/2023) | *Doc. # 22-3* |
| 24 | Motion to Lift Stay (11/30/2023) | *Doc. # 22-3* |
| 25 | Resistance to Motion to Intervene (12/21/2023) | *Doc. # 22-3* |
| 26 | News Articles (various) | *Doc. # 22-3* |
| 27 | Email Chain (12-30-2023) | *Doc. # 22-3* |
| **28** | **Email Chain Booher Engagement Letter (1/10/2024)** | **App. 244–246** |
| **29** | **Rowley Email re Mtn to Lift Stay (1/17/2024)** | **App. 247–249** |

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon counsel of the parties to this action on January 18, 2024, by CM/ECF.

*/s/  Adam D. Zenor*

Copy to:

Nicholas C. Rowley
Dominic F. Pechota
Jonathan M. Specht
TRIAL LAWYERS FOR JUSTICE, PC
421 West Water Street, Third Floor
PO Box 228
Decorah, IA 52101
nr@tl4j.com
dominic@tl4j.com
jon@tl4j.com

ATTORNEYS FOR OBSTETRIC AND GYNECOLOGIC ASSOCIATES OF IOWA CITY AND CORALVILLE, P.C.

ZENOR KUEHNER, PLC

By: /s/  *Adam D. Zenor*
   Adam D. Zenor, AT0009698

By: /s/  *Derek R. LaBrie*
   Derek R. LaBrie, AT0014157

111 East Grand Avenue, Suite 400
Des Moines, IA  50309
Phone:  515/650-9005
Fax:  515/206-2654
adam@zenorkuehner.com
derek@zenorkuehner.com

MEISSNER TIERNEY FISHER & NICHOLS, SC

By:  /s/  *Mark D. Malloy*
   Mark D. Malloy, *Pro Hac Vice*

111 East Kilbourn Avenue, 19th Floor
Milwaukee, Wisconsin 53202
Phone:  414/273-1300
Fax:  414/273-5840
mdm@mtfn.com

ATTORNEYS FOR MMIC INSURANCE, INC.

**From:** Nicholas Ghiselli
**Sent:** Wednesday, January 10, 2024 12:55 PM
**To:** Nicholas Rowley <ncr@tl4j.com>; Troy L. Booher <tbooher@zbappeals.com>
**Subject:** RE: [EXTERNAL] Engagement Letter in Kromphardt Appeal - Request to Remove "control the litigation" Language

Troy & Nick:

I have your emails. As you appreciate, MMIC selected Troy as counsel. In doing so, we directed Troy to prosecute the appeal to its conclusion. He prosecuted the appeal until Nick/the Clinic explicitly withdrew consent. Thereafter, Troy filed his withdrawal. MMIC did not authorize or consent to the withdrawal.

An engagement agreement is not required by the MMIC Policy. Moreover, the terms of the proposed engagement letter, especially with Nick's proposed change, are not appropriate or consistent with the terms of the Policy. MMIC continues to want the appeal to be prosecuted and acknowledges it is not a proposed signer on the engagement agreement. It trusts that if Troy believes he can re-appear and prosecute the appeal, including making a motion to lift the current stay, he will do so. To the extent the Clinic and Troy wish to enter a written agreement, that agreement (whatever its language) will not impact MMIC's rights under the Policy and otherwise. To the extent the Clinic still insists on such a written agreement with Troy, then that decision (and whatever consequences) are the Clinic's.

Feel free to let MMIC know whatever is decided. However, in the event the Clinic now again consents to Troy and Troy reappears as the counsel of record in the appeal, please send me file-stamped copies of Troy's renewed appearance, Nick's Motion to Withdraw, and the Motion to Lift the Stay.

MMIC maintains its rights under the Policy and otherwise. No waiver or estoppel is intended nor can otherwise be inferred. Thank you.

**Nicholas Ghiselli**
General Counsel
CURI

**d:** 952.838.6777 **c:** 303.941.6425 | **w:** constellationmutual.com



Learn more about Constellation's merger with Curi here.

The information in this electronic mail may contain confidential, sensitive and/or protected health information intended only for the addressee(s). Any other person, including anyone who believes he/she might have received it due to an addressing error, is requested to notify this sender immediately by return e-mail, and shall delete it without further reading and retention. The information shall not be forwarded or shared unless in compliance with Curi policies on confidentiality, and/or the written permission of this sender.

**From:** Nicholas Rowley <ncr@tl4j.com>
**Sent:** Tuesday, January 9, 2024 12:03 PM
**To:** Troy L. Booher <tbooher@zbappeals.com>; Nicholas Ghiselli <Nicholas.Ghiselli@constellationmutual.com>
**Subject:** [EXTERNAL] Engagement Letter in Kromphardt Appeal - Request to Remove "control the litigation" Language

> **[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Mr. Booher & Mr. Ghiselli,

We have reviewed the agreement and will forward it to our clients to be signed but we need the highlighted portion below taken out. That language about the right to control is unnecessary and is at the crux of our disputes with MMIC that currently exist in Federal Court, State Court, and in the Iowa Supreme Court.

Our position is that because of MMIC's bad faith conduct in failing settle the case and through it's decisions and behavior since the Judgment that there has been breach after breach by MMIC and that the Clinic should be justified and free to protect itself under the best terms possible.

MMIC has refused to provide the Clinic and its principals with a "comfort letter" despite multiple requests. I've made multiple requests and even put in writing that we would stop negotiating with the Plaintiffs if MMIC would provide a comfort letter.

We are currently negotiating and very close to a resolution that we can present to the Court. We are trying to do what needs to be done to protect the Clinic because of the ongoing refusals by MMIC to provide a comfort letter. A settlement could include dismissal of the appeal.

MMIC has filed a motion to intervene and that might be granted or it might not. There are other motions and litigation pending between the Clinic and MMIC.

The bottom line is that if the stay is lifted and the appeal moves forward, the Clinic and it's principals agree to have you serve as their lawyer and are willing to sign the engagement letter you have sent so long as the highlighted language is taken out.

Let this email also reflect that we do agree in principal that MMIC would have a right to control everything had it not been the first to violate the terms of the insurance contract and not acted in bad faith over and over again. At this point, to be cooperative, we do agree that MMIC should control the litigation such as expert witnesses, lawyers, motions, appeals, but that the decision about whether to settle and whether to dismiss the appeal is a decision that belongs to the Clinic, Dr. Goodman and her partners. In terms of the "right to control" the litigation it's been clearly shown up to this point in time, and the proof is in the pudding, that MMIC has done a very bad job.

> We also want to be clear that the Clinic is our client and th
> loyalty and confidentiality runs to you. However, it is understood
> any legal services adverse to MMIC and that MMIC has the right
> for which we are retained to represent the Clinic.

Please take this language out and we should be good to go. Thank you for putting the time and effort into preparing the engagement letter.

Respectfully,

Nick Rowley


On Jan 8, 2024, at 8:57 PM, Nicholas Rowley <ncr@tl4j.com> wrote:


Begin forwarded message:

**From:** "Troy L. Booher" <tbooher@zbappeals.com>
**Subject: Engagement Letter in Kromphardt Appeal**
**Date:** January 8, 2024 at 3:03:59 PM PST
**To:** Nicholas Rowley <ncr@tl4j.com>, "Nicholas Ghiselli (Nicholas.Ghiselli@constellationmutual.com)" <Nicholas.Ghiselli@constellationmutual.com>

Nick and Nick,

Thank you for your patience. After discussing the issue with counsel for our firm, we have prepared the attached engagement letter, which contains the terms that we are comfortable with. (Nick Rowley, could you please forward the letter to Dr. Goodman and let me know the email she would like me to use to communicate with her?)

If this is acceptable to MMIC and the Clinic, please have Dr. Goodman sign the agreement, and we will enter an appearance for the Clinic.

If either of you have changes to the letter, then in light of the dispute between MMIC and the Clinic, I ask that you two work out those differences, and let me know if you come to an agreement on any changes. If those changes are acceptable to us, then we are happy to revise the letter to reflect those changes.

Thank you both,

Troy
Troy L. Booher
Appellate Attorney



Tel: 801-924-0200

Felt Building, Fourth Floor
341 South Main Street
Salt Lake City, UT 84111

zbappeals.com

This message contains confidential information. If you are not the intended recipient, please delete this message and notify Troy L. Booher of **Zimmerman Booher.**


This email may contain confidential information. If you are not the intended recipient, or received it in error, do not review or copy. Please immediately notify the sender and permanently delete/destroy the email and any attachments.

**From:** Nicholas Rowley <ncr@tl4j.com>
**Sent:** Wednesday, January 17, 2024 2:38 PM
**To:** Nicholas Ghiselli <Nicholas.Ghiselli@constellationmutual.com>
**Cc:** Ricardo Echeverria <recheverria@shernoff.com>; Mike Abourezk <mike@abourezk.com>; Daniel Bidegaray <daniel@bidegaraylawfirm.com>; Nick Rowley <ncr@tl4j.com>
**Subject:** Re: [EXTERNAL] Draft Motion to Lift Stay

Mr. Ghiselli,

I spoke with Troy and he will not be filing the motion to lift the stay.

We are not delaying anything but rather we are taking the time to try our best to protect our clients because they have been left with no option because they do not have full protection from the consequences of losing the appeal or being hit with another verdict.  What is going on right now is a "time out", which we need

because of MMIC's refusals to provide a "comfort letter".

Even if the stay was lifted, the Iowa Supreme Court is not going to set this for oral argument until March or April or later.  Troy can confirm this if you ask.

It's important to provide MMIC with full transparency.  In that regard, we are in the final stages of settlement negotiations with the Plaintiff whereafter we would seek good faith approval from the different Courts that are presiding over the current disputes if a settlement is reached. If MMIC opposes we might end up having an evidentiary hearing or trial that would include presenting documentary evidence and witnesses to establish that our settlement is in "good faith" and how MMIC has acted in "bad faith" and breached it's contractual obligations.

That being said, if we do not have an agreed upon settlement with the Plaintiff soon we will ask that the stay be lifted.

Respectfully,

Nick Rowley

> On Jan 17, 2024, at 2:17 PM, Nicholas Rowley <ncr@tl4j.com> wrote:
>
> NO NO NO.  You are not authorized to file this.
>
> Nick
>
>> On Jan 17, 2024, at 2:12 PM, Nicholas Ghiselli <Nicholas.Ghiselli@constellationmutual.com> wrote:
>>
>> Thank you. Please file. I hope you all are well.
>>
>> Nick
>>
>> ---
>>
>> **From:** Troy L. Booher <tbooher@zbappeals.com>
>> **Sent:** Wednesday, January 17, 2024 2:09 PM
>> **To:** Nicholas Ghiselli <Nicholas.Ghiselli@constellationmutual.com>; Nicholas Rowley <ncr@tl4j.com>
>> **Cc:** Beth E. Kennedy <bkennedy@zbappeals.com>
>> **Subject:** [EXTERNAL] Draft Motion to Lift Stay

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Nick and Nick,

Attached is a draft motion to lift the stay.  Please let me know if you have any edits you would like to discuss.

Thank you,

Troy

Troy L. Booher
Appellate Attorney
<image001.jpg>

Tel: 801-924-0200

Felt Building, Fourth Floor
341 South Main Street
Salt Lake City, UT 84111

zbappeals.com

This message contains confidential information. If you are not the intended recipient, please delete this message and notify Troy L. Booher of **Zimmerman Booher.**

This email may contain confidential information. If you are not the intended recipient, or received it in error, do not review or copy. Please immediately notify the sender and permanently delete/destroy the email and any attachments.

This email may contain confidential information. If you are not the intended recipient, or received it in error, do not review or copy. Please immediately notify the sender and permanently delete/destroy the email and any attachments.