IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DISTRICT

| | |
|---|---|
| MMIC INSURANCE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>OBSTETRICAL & GYNECOLOGICAL ASSOCIATES OF IOWA CITY AND CORALVILLE, P.C.,<br><br>Defendant,<br><br>THOMAS T. TARBOX, on behalf of S.K.,<br><br>Intervenor. | CASE NO. 3:23-CV-00039-SMR-SBJ<br><br><br>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY DECLARATORY JUDGMENT |

## INTRODUCTION

The Clinic respectfully requests that the Court stay the declaratory judgment that it entered on March 31, 2025, while that judgment is being reviewed by the Eighth Circuit.

The stay is necessary to prevent irreparable harm to the Clinic. MMIC has given the Clinic an ultimatum that its legal representation will be withdrawn on May 1, 2025. *See* Exh. A. to Ehrlich-Quinn Decl. at 2 ("Given that the MMIC Policy is void, MMIC has no continuing duty to defend the Clinic, and . . . will withdraw from the defense and cease further payment of attorney fees and costs.").

Even if the Clinic obtains reversal of this Court's order voiding the policy, it will already have lost the underlying malpractice claim due to an inability to pay for its own lawyers. To ensure that review by the Eighth Circuit is substantive rather than merely symbolic, this Court has a duty to issue a stay maintaining the status quo during the pendency of the appeal.

# ARGUMENT

**A. This Court has an affirmative duty to maintain the status quo to preserve the controversy for the Eighth Circuit**

"Stay applications are nothing new." *Ohio v. Env't Prot. Agency*, 603 U.S. 279, 290–91, 144 S. Ct. 2040, 2052, 219 L. Ed. 2d 772 (2024). "They seek a form of interim relief perhaps 'as old as the judicial system of the nation.'" *Id*. quoting in part, *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 17, 62 S.Ct. 875, 86 L.Ed. 1229 (1942).

A district court therefore has "a continuing duty to maintain the status quo" while one of its orders is being appealed. *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1033–35 (N.D. Iowa 2004), citing *Hoffman v. Beer Drivers & Salesmen's Local* 536 F.2d 1268, 1276 (9th Cir. 1976). "Maintaining the status quo means that a controversy will still exist once the appeal is heard." *Id*. quoting 12 Moore's Federal Practice § 62.06 (Matthew Bender 3d ed.).

This is an exception to "[t]he general rule . . . that an appeal to the circuit court deprives a district court of jurisdiction as to any matters involved in the appeal." *Hoffman*, 536 F.2d at p. 1276. Even once the notice of appeal is filed, the district court retains limited jurisdiction to preserve the controversy for the reviewing court. *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 564–65 (2d Cir. 1991) ("a district court may grant injunctive relief after a proper notice of appeal has been filed, but only when it is necessary to preserve the status quo pending the appeal").

Here, even though a notice of appeal has been filed, this Court still has an obligation to preserve the status quo. It must ensure that the Eighth Circuit will have a meaningful chance to review its ruling that the insuring contract was void, rather than an illusory opportunity after the effects of that ruling have already become irreversible. *Knutson,* 302 F. Supp. 2d at pp. 1033–35. A reversal of the judgment on appeal must result in a reversal of the outcome for the parties in the real world, not merely a symbolic victory.

**B.  A declaratory judgment can be stayed on appeal pursuant to the Court's inherent powers under the All Writs Act**

Federal Rule of Procedure 62(c) "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." *Knutson,* 302 F. Supp. 2d at p. 1033, quoting 11 Federal Practice and Procedure § 2904. Because this matter involves a declaratory judgment rather than an injunction, "Rule 62(c) arguably does not apply." *Reefco Servs., Inc. v. Gov't of Virgin Islands*, No. CV 2014-110, 2018 WL 6173878, at *10 (D.V.I. Nov. 26, 2018).[1] Ultimately, however, that is only an academic question.

"[I]t is well-established that, 'apart from the Federal Rules of Civil Procedure, federal courts are empowered to temporarily stay the execution of their judgments whenever it is necessary to accomplish the ends of justice.'" *Id*. quoting in part with internal bracket omitted, *United States v. Denver & Rio Grande W. R. Co.*, 223 F.2d 126, 127 (10th Cir. 1955); accord, *Scripps–Howard Radio* 316 U.S. at pp. 9–10 ("as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal"); *Butler v. Ungerleider*, 199 F.2d 709, 710 (2d Cir. 1952) (recognizing "inherent power . . . to maintain the status quo") "That authority is derived from the All Writs Act, 28 U.S.C. § 1651." *Reefco*, 2018 WL 6173878, at *4. "Accordingly, notwithstanding any limitation on the applicability of Rule 62, the Court . . . has the inherent authority to stay enforcement of the . . . Judgment pending appeal." *Id*.

---

[1] The district court's *Reefco* decision was *aff'd in part, vacated in part, remanded*, 830 F. App'x 81 (3d Cir. 2020*), and vacated sub nom. Reefco Servs., Inc. v. Gov't of the Virgin Islands*, No. CV 2014-110, 2021 WL 1041197 (D.V.I. Mar. 12, 2021).

**C. The four-factor test favors a stay under the circumstances of this case, due to extreme irreparable harm**

The standard for obtaining a stay during the pendency of an appeal is "essentially the same as that for obtaining a preliminary injunction." *Reefco*, 2018 WL 6173878, at *4, quoting, *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013); accord, *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987), citing Fed.Rule Civ.Proc. 62(c) and Fed.Rule App.Proc. 8(a).

The court must consider "(1) whether the applicant is likely to succeed on the merits, (2) whether it will suffer irreparable injury without a stay, (3) whether the stay will substantially injure the other parties interested in the proceedings, and (4) where the public interest lies." *Ohio v. Env't Prot. Agency*, 603 U.S. at pp. 290–91. "Where the latter three factors favor a stay, an applicant need only demonstrate a substantial case on the merits to warrant issuance of a stay." *Reefco*, 2018 WL 6173878, at *4, quoting *Martin v. Banco Popular De Puerto Rico*, No. CIV.2008-109, 2009 WL 2594542, at *2 (D.V.I. Aug. 19, 2009). Here, all four factors favor granting a stay.

**1. Likelihood of Success**

Here, the Clinic believes it has a significant likelihood of success on appeal, but to qualify for a stay is not required to persuade the District Court to agree with that view of the merits.

"Consideration of whether an appeal of the trial court's decision will succeed puts the trial court in the awkward position of having to weigh the correctness of its decision as judged by an appellate court when it almost certainly would have evaluated that consideration in its ruling on the merits." *Ohio Valley Env't Coal., Inc. v. Pruitt,* No. CV 3:15-0271, 2017 WL 1712527, at *2 (S.D.W. Va. May 2, 2017). "Put perhaps more precisely, the first factor requires a trial court to judge the probability that an appellate court will accept the trial court's decision as correct when the trial court quite obviously believes that it has made the right choice." *Id.*

The court may be required to grant relief even where it believes that the movant is more likely than not to lose on the merits. *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (rejecting requirement that movant "prove a greater than fifty per cent likelihood that he will prevail on the merits".) All that is required is "serious questions going to the merits." *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985). Here, there are serious questions for several reasons.

First, by the Court's own admission, the central question at issue here — whether the breach of the duty to settle by an insurer defending without a reservation of rights empowers the insured to protect itself by settling unilaterally — is a novel issue that has not previously been decided by any Iowa court. Dkt #89 at 22-23.

This Court is implicitly predicting that the Iowa Supreme Court would decide that such a unilateral settlement voids the policy. Cf. *Est. of Bisignano by & through Huntsman v. Exile Brewing Co., LLC,* 694 F. Supp. 3d 1088, 1111–12 (S.D. Iowa 2023) (predicting how Iowa Supreme Court would rule on novel issues). But its order granting summary judgment does not contain any legal analysis or reasoning about why the Iowa Supreme Court would adopt that rule. *Id*. Nor does it engage with the extensive authorities which the Clinic cited in its briefing, which collectively demonstrate that the rule the Clinic advocates is the majority rule in the United States. See Dkt. #54 at 1-10.

In that sense, the Court's order departs from the usual practice of predicting how a state's high court will rule by considering "relevant state precedent, analogous decisions, considered dicta, scholarly works and any other reliable data." *Est. of Bisignano*, 694 F. Supp. 3d at p. 1112 quoting *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1061 (8th Cir. 2020). This Court was

apparently unmoved by the arguments that have persuaded most other jurisdictions and treatise authors. But there is no reason to believe the Eighth Circuit will share that perspective.

Second, in finding that MMIC has been so prejudiced by the Clinic's conduct that the insurance policy must be voided, this Court declined to treat as dispositive the facts that (1) the proposed settlement was never consummated via court approval; and (2) MMIC *won the underlying appeal*. Dkt #89 at 28-29. Instead, it focused on subsidiary facts, such as the publication of an email or the creation of a multi-month delay. *Id*. at 24-25. The Court does not cite any prior precedent where a delay in a successful appeal was found to be prejudicial, but instead declares on its own accord that "witness recollections inevitably fade with the passage of time. *Id*. at at 28. Perhaps the Court will be vindicated, and this will be a new rule that the Eighth Circuit adopts. But at this stage, there is no denying that the severity of each of these alleged forms of prejudice represents a "serious question."

## 2. Irreparable Injury

"In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Knutson*, 302 F. Supp. 2d at pp. 1036–37, quoting *Iowa Utilities Bd. v. F.C.C.,* 109 F.3d 418, 425 (8th Cir. 1996). "Generally, economic loss standing alone does not constitute irreparable harm, but the threat of *unrecoverable* economic loss does amount to irreparable harm." *Id*., original emphasis; see *Baker Elec. Coop. Inc. v. Chaske,* 28 F.3d 1466, 1473 (8th Cir.1994) (issuing preliminary injunction to prevent unrecoverable economic injury).

Here, that requirement is clearly satisfied. If a stay is not issued, then the Clinic will be completely deprived of a defense in the underlying malpractice lawsuit. Ehrlich-Quinn Decl. at ¶ 3. The Clinic will be forced to settle on extremely unfavorable terms — ones akin to unconditional surrender, since it will not be able to credibly threaten to continue to litigate. *Id*. This is a

prototypical example of irreparable harm. The absence of a stay will not only harm the Clinic, but it will also interfere with the jurisdiction of the Eighth Circuit, since its power to reverse this Court's order will become symbolic rather than substantive. *Id*.

### 3. Substantial injury to the other party

The third factor also favors granting a stay, because MMIC will not suffer a substantial injury. *Knutson*, 302 F.Supp.2d at p. 1038. It is true that the insurance company would be forced to continue paying for a defense during the pendency of the appeal. But for MMIC the cost of that defense is merely a minor inconvenience. The Clinic's "means are minuscule in comparison to the resources and capital [MMIC] has at its disposal," so the harm from granting the stay is significantly less than the harm from allowing the order to remain unstayed. *Id*.[2]

### 4. Public interest

The final factor also favors granting a stay. The public has an interest in holding insurance companies responsible for their bad-faith conduct, including their failure to accept reasonable settlement offers within policy limits. *Kelly v. Iowa Mut. Ins. Co.*, 620 N.W.2d 637, 641–42 (Iowa 2000). It would be contrary to that public interest if an insured could lose its coverage and be forced to settle before receiving meaningful appellate review.

## CONCLUSION

The four-factor test strongly favors granting a stay in this case. That is the only way to prevent irreparable harm to the Clinic and to preserve review by the Eighth Circuit as something substantive rather than symbolic.

Dated: April 14, 2025

---

[2] In *Knutson*, the financial equities were reversed — i.e. the movant had far greater financial resources than the other litigant — so the Court denied a stay. *Knutson*, 302 F.Supp.2d at p. 1038. Here, the same test justifies a stay.

Respectfully submitted,

TRIAL LAWYERS FOR JUSTICE, P.C.

By: /s/ Clinton Ehrlich
(Admitted pro hac vice)

By: /s/ Dominic Pechota
Nicholas C. Rowley, AT0009515
Dominic F. Pechota, AT0006175
Clinton Ehrlich, CA#324021

421 W. Water Street, Third Floor
Decorah, IA 52101
Phone: (563) 382-5071
Fax: (888) 801-3616
Email: nr@tl4j.com
Email: dominic@tl4j.com
Email: clint@tl4j.com

ATTORNEYS FOR DEFENDANT
OBSTETRIC AND GYNECOLOGICAL
ASSOCIATES OF IOWA CITY AND
CORALVILLE, P.C.

### Certificate of Service

The undersigned certifies that the foregoing instrument was served upon counsel of the parties to this action on April 14, 2025, by CM/ECF.

/s/ Dominic F. Pechota

Copies to:

Adam D. Zenor
Derek R. LaBrie
ZENOR LAW FIRM, PLC
111 E. Grand Ave., Suite 400
Des Moines, IA 50309
Phone: (515) 650-9005
Fax: (515) 206-2654
Email: adam@zenorlaw.com
Email: derek@zenorlaw.com

Mark D. Malloy
MEISSNER TIERNEY FISHER & NICHOLS, SC
111 E. Kilbourn Ave., 19th Floor
Milwaukee, WI 53202
Phone: (414) 273-1300
Fax: (414) 273-5840
Email: mdm@mtfn.com

ATTORNEYS FOR PLAINTIFF
MMIC INSURANCE, INC.

Ryan G. Koopmans
KOOPMANS LAW GROUP, LLC
500 E. Court Ave., Suite 420
Des Moines, IA 50309
Phone: (515) 978-1140
Email: ryan@koopmansgroup.com

Robert G. Kamenec
FIEGER FIEGER KENNEY & HARRINGTON, PC
19390 W. 10 Miles Rd.
Southfield, MI 48075
Phone: (248) 355-5555
Email: r.kamenec@fiegerlaw.com

Matthew M. Patterson
BEAM LEGAL TEAM, LLC
954 W. Washington Blvd., Suite 215
Chicago, IL 60607
Phone: (312) 733-0930
Email: mpatterson@beamlegalteam.com

ATTORNEYS FOR INTERVENOR S.K.