IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| MMIC INSURANCE, INC., | ) | Case No. 3:23-cv-00039-SMR-WPK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON MOTIONS TO AMEND |
| v. | ) | JUDGMENT AND STAY |
| | ) | DECLARATORY JUDGMENT |
| OBSTETRIC AND GYNECOLOGIC | ) | |
| ASSOCIATES OF IOWA CITY AND | ) | |
| CORALVILLE, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on two motions to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e). S.K.'s motion seeks clarification of the effect of the Court's summary judgment order on his status as an intervenor. The Clinic's motion asserts manifest injustice, claiming the Court misapplied both the proper standard for summary judgment under Federal Rule of Civil Procedure 56 and the prejudice standard under Iowa insurance law.

S.K. became an intervenor after MMIC sought return of $12 million in insurance proceeds and after S.K. claimed ownership of the Clinic's bad-faith claim against MMIC through levy of execution. The Iowa Supreme Court reversed the underlying judgment, which required S.K. to repay the $12 million to MMIC, thus extinguishing the interests that formed the basis for intervention.

Following that reversal, the Court issued a summary judgment order denying as moot S.K.'s motion for leave to file a statement of facts and accompanying appendix. The summary judgment order, however, did not expressly dismiss S.K. as a party. Nonetheless, the Court did not rule against S.K. on the merits, and no judgment was entered for or against S.K.

1

S.K.'s motion to amend the judgment is DENIED because S.K. fails to satisfy the requirements of Federal Rule of Civil Procedure 59(e). The Court effectively dismissed S.K. without prejudice when it determined that S.K.'s interest in the litigation was moot before reaching the merits. The judgment on the merits thus did not apply to S.K.

The Clinic's motion to amend the judgment is DENIED because the Clinic also fails to satisfy the requirements of Rule 59(e).

## I.    LEGAL STANDARD

Rule 59(e) empowers district courts to alter or amend judgments. The rule "was adopted 'to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment.'" *Norman v. Ark. Dep't. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (cleaned up) (citation omitted). This authority serves the limited function of correcting manifest errors of law or fact or addressing newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (cleaned up) (citation omitted).

Courts may grant Rule 59(e) motions to incorporate intervening changes in law, reflect newly available evidence, or correct clear error or prevent manifest injustice. *Swecker v. Veneman*, No. 4:04-cv-90415, 2005 WL 8157893, at *1 (S.D. Iowa July 28, 2005). The scope of permissible relief remains narrow. Such motions cannot introduce new evidence, tender new legal theories, or raise arguments available before judgment. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (citation omitted). Nor may they "relitigate old matters" or present evidence that could have been raised earlier. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

A "manifest error" is not demonstrated by disappointment but by "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Wakefield v. Colvin*, 185 F. Supp. 3d 1107, 1108 (S.D. Iowa 2016) (citation omitted). District courts enjoy "broad discretion" in

deciding Rule 59(e) motions and will not be reversed "absent a clear abuse of discretion." *Sparkman Learning Ctr. v. Ark. Dep't of Hum. Servs.*, 775 F.3d 993, 1001 (8th Cir. 2014) (quoting *Christensen v. Qwest Pension Plan,* 462 F.3d 913, 920 (8th Cir. 2006)).

## II.    ANALYSIS

### A.  Motions to Alter or Amend Judgment

S.K.'s motion to amend the judgment must be denied because S.K. has failed to identify any manifest error or newly discovered evidence.  [ECF No. 94].  The Court recognizes, however, that this distinction between whether S.K. remains a party against whom the Court ruled on the merits, or whether S.K. was instead effectively dismissed without prejudice when his interests became moot, has practical significance.  This is because Iowa law permits an injured party to bring a coverage claim against an insurer after receiving a judgment.  This right may exist even when a court has previously ruled in favor of the insurer in a coverage dispute with the insured. *Safeco Ins. Co. of Ill. v. Hicks*, No. C16-0202-LTS, 2018 WL 1832971, at *4 (N.D. Iowa Apr. 17, 2018).  If S.K. obtains a favorable judgment against the Clinic in the remanded state court case, the current judgment could compromise the independent right under Iowa law to litigate insurance coverage if interpreted as ruling against S.K. on the merits.

The summary judgment order did not rule against S.K. on the merits.  The Court clearly stated that, as a threshold matter, S.K.'s interest in the litigation was mooted by repayment of the $12 million to MMIC.  [ECF No. 89 at 14].  The Court addressed the merits of MMIC's motion for summary judgment only after determining S.K.'s interest was moot because his "interest was conditioned on the Court's willingness to entertain MMIC's request for restitution of the policy proceeds" and the "interest that formed the basis of [S.K.'s] intervention argument no longer existed." *Id.* at 11, 14–15.  This intent to dismiss S.K. without prejudice is further reflected in the

judgment entered in favor of MMIC—which makes no mention of S.K.—as well as the declaratory relief granted in the case. [ECF Nos. 89, 90].

When a court ruling contains ambiguity, the court possesses the power to clarify that ruling to reflect its original meaning. *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997). Clarification becomes particularly appropriate when ambiguity may prejudice a party. The Court intended its summary judgment order to recognize that S.K.'s interests justifying intervention became moot following the Iowa Supreme Court's decision and the return of the insurance proceeds. The Court thus did not rule against S.K. on the merits because S.K. was implicitly dismissed without prejudice. As such, S.K.'s motion to amend is DENIED. [ECF No. 94].

The Clinic's motion to amend or alter the judgment must also be denied because the Clinic fails to identify any manifest error or newly discovered evidence. [ECF No. 99]. The Clinic asserts that the Court committed two manifest errors: (1) misapplying the summary judgment standard under Rule 56, and (2) misapplying the standard for prejudice under Iowa insurance law. Both arguments are without merit and the Clinic's motion represents an impermissible attempt to relitigate the merits of the case.

The Clinic first argues the Court improperly concluded summary judgment was appropriate solely because the moving party's facts were largely undisputed. This is incorrect. The 34-page summary judgment order thoroughly explains the application of the law to these facts. To the extent that the Clinic is attempting to relitigate the merits of the order, this motion is not the appropriate vehicle for doing so. *Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024).

The Clinic next argues the Court improperly drew inferences against the Clinic because the Court acknowledged that the Clinic's conduct during the various court proceedings was "suspicious." This language appears in a footnote, is taken out of context, ignores the preceding

sentence, and does not demonstrate an inappropriate inference drawn against the Clinic.  Although the summary judgment order noted that the timing of the lawsuit was "suspicious," the Court expressly stated this observation was not taken into consideration because it did "not reach the issue of whether the alleged 'manufactured' conflict of interest for defense attorneys violated the Policy."  [ECF No. 89 at 20 n.2].  Any suspicion was thus irrelevant to the Court's ruling.

Finally, the Clinic argues the Court's analysis regarding prejudice was flawed because the Clinic successfully rebutted the presumption of prejudice following its breach of the cooperation clause.  The Clinic articulates two bases for this conclusion: (1) the proposed settlement agreement was never consummated, and (2) original appellate counsel was eventually reinstated and the judgment in the underlying action was reversed by the Iowa Supreme Court.

The Clinic's arguments on these issues once again constitute an improper attempt to relitigate the merits of the case, raise arguments previously available, and fail to demonstrate any manifest error.  *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. The Court will not entertain them. *Nordgren*, 96 F.4th at 1077.  The Clinic's motion to alter or amend the judgment is DENIED. [ECF No. 99].

### B.  Motion to Stay Declaratory Judgment

The Clinic also filed a motion to stay the declaratory judgment pursuant to Federal Rule of Civil Procedure 62(c).  [ECF No. 92].  While that motion was pending before the Court, the state district court granted the Clinic's motion to stay the retrial action pending the outcome of the appeal in this case.  [ECF No. 109].  The Clinic and MMIC agree that the state court's stay renders the Clinic's motion moot.  [ECF Nos. 109, 110].  The Court agrees.

### III.    CONCLUSION

Rule 59(e) provides a narrow avenue for correcting manifest errors or addressing newly discovered evidence.  It does not afford disappointed litigants an opportunity to relitigate decided questions.  Neither S.K. nor the Clinic have identified any change in controlling law, previously unavailable evidence, or manifest errors warranting reconsideration.

The Court's March 31, 2025 Order correctly identified that granting summary judgment was appropriate and S.K.'s interest in the litigation was moot.  The motions fail to demonstrate that reconsideration would alter these determinations.  Rule 59(e) relief remedies clear legal error, it does not provide a second opportunity to present arguments that could have been made initially.  Accordingly, S.K.'s Rule 59(e) motion to alter or amend judgment is DENIED, the Clinic's Rule 59(e) motion to alter or amend judgment is DENIED, and the Clinic's motion to stay the declaratory judgment is MOOT.  [ECF Nos. 92, 94, 99].

IT IS SO ORDERED.

Dated this 16th day of September, 2025.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT